United States District Court

Eastern District of North Carolina

Western Division

FILED

DEC 1 1 2018

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Case No. _____

Danielle Star Maldonado
(For the deceased Party
of Harold Glen Beckner)

\- against -

Department of the Army,
Womack Army Medical Center,
and Joel Medical Clinic
(MCXC PD ROPH I)

Complaint
(Pro Se)

Jury Demand?
☑ yes
☐ no

Page 1 of 7

I. Complaint

✓ Federal Tort Claim (medical mal-practice for due
diligence not being done in medical care)

II. Plaintiff Information

Danielle Star Maldanado (for the deceased
Party of Harold Glen Beckner)
(name)

117 Court Street, Jacksonville, North Carolina 28540
(Address)

III. Defendant Information

Defendant 1: Department of the Army, Womack Army
Medical Center (MCXC PD ROPH1); and
Joel Medical Clinic

III. Statement of Claim

Place of Occurrence: Department of the Army,
Womack Army Medical Center (MCXC PD ROPH1);
and Joel Medical Clinic

Dates of Occurrence: July 9th 2016 till February 9th 2017

Pg. 2 of 7

State which of your Federal Constitutional or Federal Statutory rights have been violated:

Medical Mal-practice, Due diligence was not done in the care of the deceased party; Medical Negligence

Facts:

Starting on, or about, July 9th, 2016; the deceased party, Harold Glen Beckner; who retired after 25 years in the Active Army as an E-7 (Sgt. First Class), began complaining of chest, stomach, and shoulder pains. During his visits to see his primary care provider he stated his symptoms, and each time the provider's stated that the symptoms were all in his head. The deceased party was also seen at Womack Army medical Center, as well as Joel Medical Clinic; and both facilities told the deceased party that there was Nothing Wrong with him, and that it was all in his head. At the end of December 2016, the deceased party began losing weight, and he stated that everything he ate tasted like card board. Again, he made an appointment to be seen by both Joel Medical Clinic and Womack Army Medical. At this appointment he stated the new symptoms of weight loss and food tasting like card board, however, the provider's at both facilities stated once again, "it was all in his head, and nothing was wrong with him." The deceased party returned home, and about the first, or second week of January 2017, the

Case 5:18-cv-00581-BO    Document 1    Filed 12/11/18    Page 3 of 7

Pg. 3 of 7

deceased party lost grip on the salt shaker and dropped it. He stated to his wife, Jean Beckner, and daughter, Danielle Star Maldonado, that he could not feel anything in his hands and fingers. He was then rushed to Sampson Regional Medical Center in Clinton, North Carolina, to be seen at the Emergency Room. The acting medical Physician, who treated the deceased party, immediately began running tests after the deceased party explained all his symptoms. The deceased party was then transferred to a bed and hospitalized pending more testing. On, or about the week of January 20th, 2017; the medical physicians diagnosed the deceased party with Masostatic Gall badder cancer with less than ONE month to live. The deceased party chose to fight for his life, as he did for his country for 25 years, and requested to recieve chemotherapy treatments. On, Friday, February 3rd, 2017; a porter-tube was placed on the deceased party to recieve chemotherapy-treatments. On, Monday, February 6th 2017; the deceased party recieved aggressive chemotherapy for the first time. By the night of, Tuesday, February 7th, 2017; the deceased party was rushed to the Emergency Room at Sampson Regional Medical Center in Clinton, North Carolina; then immediately transferred to Wayne Memorial Medical Center in Goldsboro, North Carolina due to complication with the chemotherapy treatment. On, Thursday, February 9th, 2017; at 7:07 pm (19:07 hrs); the deceased party, Harold Glen Beckner, passed away,

Case 5:18-cv-00581-BO    Document 1    Filed 12/11/18    Page 4 of 7

died, from Metastatic Gallbladder Cancer, which spread to his stomach and Liver. It was determined by both Sampson Regional Medical Center and Wayne Memorial Medical Center, that had, Womack Army Medical Center and Joel Medical Clinic, done the same treatment, and followed the same care guidelines for his medical; that the deceased party would still be alive, as they could have removed the deceased parties gallbladder and began Chemotherapy treatment gradually. It is a fact that Womack Army Medical Center, and Joel Medical Clinic, did not show due diligence in the Care of the deceased Party, and that Medical Negligence was done in the care of the deceased party, as well as Medical Mal-practice.

## IV. Relief

(1) Family of the deceased Party, Harold Glen Beckner, be awarded payment for the debt left behind after the deceased party died; the value of his life being disregarded by the Department of the Army; the Pain and suffering felt by the family due to the loss of a Hero, Husband, Brother, Father, and Grandfather; and that every individual, whether Enlisted, or Commissioned Officer, be required to spend a longer duration in Medical training in the Armed forces, and

Case 5:18-cv-00581-BO    Document 1    Filed 12/11/18    Page 5 of 7

be required to have to complete a one-year medical Residency for any military occupational Speciality (MOS), in regards to All medical occupations in the Armed Forces. This would also include Clinicals for any nurse's, or combat Field medics, as well. To Clarify, any and all training done in Advanced Intelligence Training (AIT), for any and all Branches of the Armed forces, would NOT be counted in the one-year Residency, and Clinical training. All training would be required to be completed Success fully, without negative mark, before any Armed Forces member; in the medical occupation, could be allowed to over-see the care, treatment, and diagnosis of any, and all patient's, on a Sole basis. And that the defendant's be required to pay any and ALL court- Costs in Lieu of this case, As such will cause more anguish on the family for having to speak of the loss of a loved one.

Have you

## V. Litigation History

Have you brought any other lawsuits in state or Federal courts for the deceased Party?
\_ Yes      ✓ NO

Pg. 6 of 7

## VI. Plaintiff Declaration and Warning

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not presented for improper purpose, such to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the clerk's office may result in the dismissal of my case.

27 November 2018

Date

_Danielle Star Maldonado_

Plaintiff Signature

Danielle Star Maldonado

Printed name

717 Court Street, Jacksonville, NC 28540

Address

Pg. 7 of 7